William R. Brennan, Jr., J.
By this proceeding under article 78 of the Civil Practice Act, petitioner, a volunteer fireman of the East Meadow Fire District, seeks to annul a determination of the Board of Fire Commissioners of that fire district suspending him for misconduct.
Although it is not clearly stated in the papers, the court understands that the East Meadow Fire District is organized pursuant to article 11 of the Town Law. Section 176 of article 11 of the Town Law reads in part as follows:
“ § 176. Powers and duties of fire district commissioners
<£ Subject to law and the provisions of this chapter, the fire district commissioners of every fire district shall constitute and be known as the board of fire commissioners of such fire district. Such board of fire commissioners 4É ’S
£ £ 11. May adopt rules and regulations governing all fire companies and fire departments in said district and prescribing the duties of the members thereof and enforce discipline ”.
The powers and duties of the Board of Fire Commissioners are further defined by section 209-1 of the General Municipal Law which reads as follows:
£ £ § 209-1. Removal of volunteer officers and volunteer members of fire departments
*65 ‘ ‘ The authorities having control of fire departments of cities, towns, villages and fire districts may make regulations governing the removal of volunteer officers and volunteer members of such departments and the companies thereof. Such officers and members of such departments and companies shall not be removed from office, or membership, as the case may be, by such authorities or by any other officer or body, except for incompetence or misconduct. Removals on the ground of incompetence or misconduct, except for absenteeism at fires or meetings, shall be made only after a hearing upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice act. Such charges shall be in writing and may be made by any such authority. The burden of proving ineompeteney or misconduct shall be upon the person alleging the same. Hearings upon such charges shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or employee of such officer, or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall for the purpose of such hearing be vested with all the powers of such officer or body, and shall make a record of such hearing which shall be referred to such officer or body for review with his recommendations. The notice of such hearing shall specify the time and place of such hearing and state the body or person before whom the hearing will be held. Such notice and a copy of such charges shall be served personally upon the accused officer or member at least ten days but not more than thirty days before the date of the hearing. A stenographer may be employed for the purpose of taking testimony at the hearing. The officer or body having the power to remove the person charged with incompetence or misconduct may suspend such person after charges are filed and pending disposition of the charges, and after the hearing may remove such person or may suspend him for a period of time not to exceed one year. The provisions of this section shall not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company.”
The record of the proceeding which resulted in the determination here reviewed is very meager. It does not appear that the Board of Fire Commissioners of the East Meadow Fire District has ever made regulations governing either the conduct or the removal of volunteer members of the department, although there was mention of such rules and regulations during the hearing. The charge against the petitioner appears to have *66 been that he ‘ * knowingly and maliciously informed the Long-island Lighting Company that the electrical system at the main lire house was in violation of the Underwriters’ rules and was interfering with the Long Island Lighting Company equipment, knowing such information to be false.”
From the return, it appears that a Long Island Lighting Company inspector came to the firehouse to check equipment and installation at a generator and “ advised ” the firehouse man “ complaint had been registered by Mr. Burkart ”. Petitioner denied making a complaint, and told the Commissioners he met a Lighting Company employee at a Rotary meeting and told the employee of “ defects in the system * * * passed on to him by a former inspector of the National Board of Fire Underwriters.”
The record is silent as to what the defect was, what the Lighting Co. inspection revealed, or upon what theory the act of the petitioner could be regarded as either 1 ‘ incompetence ” or “ misconduct ”. Particularly is the record silent as to whether petitioner’s 1 ‘ information ’’ was false or known to him to be false.
Upon the record presented, it must be found that the determination upon which petitioner’s suspension is based was wholly unsupported by evidence warranting a finding that he had been guilty of misconduct. The determination is accordingly annulled and the suspension vacated. No costs.